```
                                                           FILED
                                                4th JUDICIAL DISTRICT COURT
                                                       San Miguel County
STATE OF NEW MEXICO                                     3/5/2019 9:48 AM
COUNTY OF SAN MIGUEL                                  CLERK OF THE COURT
FOURTH JUDICIAL DISTRICT COURT
                                                              LCE
```

MARK ESQUIBEL,

      Plaintiff,

vs.                                      No. D-412-CV-2019-00093

CITY OF LAS VEGAS, and                 Gallegos, Flora
SAN MIGUEL COUNTY,

      Defendants.

## COMPLAINT TO RECOVER DAMAGES FOR VIOLATIONS OF THE NEW MEXICO TORT CLAIMS ACT

    Plaintiff Mark Esquibel brings this complaint against the City of Las Vegas and San Miguel County. Plaintiff states as follows:

### JURISDICTION AND VENUE

    Plaintiff brings this Complaint under NMSA 1978, § 41-4-1 et seq. The Court has jurisdiction over actions against the City of Las Vegas and San Miguel County. Venue is proper in this Court since all relevant events took place within this District. Plaintiff's complaint to this Court is timely as the incident complained of took place in January of 2018.

### PARTIES

1. Plaintiff Mark Esquibel (hereinafter referred to as "Mr. Esquibel") is an individual and resides in the city of Las Vegas, San Miguel County, New Mexico.

2. Defendant City of Las Vegas is a municipality in San Miguel County. It is sued under the doctrine of respondeat superior for the actions of its employees (law enforcement officers), including the actions of Officer Diego Romero (hereinafter referred to as "Officer Diego"), Officer Darin Romero (hereinafter referred to as "Officer Darin"),




Officer Gerardo Lozano (hereinafter referred to as "Officer Lozano"), Officer Xavier Smith (hereinafter referred to as "Officer Smith"); Sergeant Jason Gage (hereinafter referred to as "Sergeant Gage"), Sergeant Michael Ortega (hereinafter referred to as "Sergeant Ortega"), Officer Elias Rael (hereinafter referred to as "Officer Rael"), Officer David Barela (hereinafter referred to as "Officer Barela"), Officer Caleb Marquez (hereinafter referred to as "Officer Marquez"), and Commander Eric Padilla (hereinafter referred to as "Commander Padilla").

3. Defendant San Miguel County is a political subdivision of the State of New Mexico. It operates the San Miguel County Detention Center. It is sued under the doctrine of respondeat superior for the actions of its employees, who are law enforcement officers.

## FACTUAL BACKGROUND

4. On January 02, 2018, at around 9 p.m., Las Vegas Police Department ("LVPD") Officers Diego, Darin, Lozano and Smith appeared at Mr. Esquibel's home asking to search his house.

5. Mr. Esquibel did not understand why they wanted to search his house. Mr. Esquibel asked for an explanation.

6. The Officers said they had a call come in to check on him and his house.

7. The Officers again asked if they could search his house.

8. Mr. Esquibel told the Officers "not without a warrant."

9. Mr. Esquibel told the Officers he was willing to cooperate if they did return with a warrant.

10. Officers Diego, Darin, Lozano and Smith returned around 2:30 a.m.

11. The officers claimed that they were checking on Mr. Esquibel's welfare and stated in

reports that they believed that he was a suicide risk, although the officers simply told Mr. Esquibel that they believed he was "in danger."

12. The officers contend that they knocked on Mr. Esquibel's door and that he peered out the window.

13. Officers Diego, Darin, Lozano and Smith stayed at the Esquibel residence and called for the LVPD Emergency Response Team ("ERT").

14. The ERT appears to be a SWAT-like unit.

15. Mr. Esquibel was sleeping by the time the ERT arrived at about 4:00 a.m.

16. Commander Padilla was the supervisor in charge of the ERT. He authorized and supervised a "tactical" entry into Mr. Esquibel's home.

17. Sergeants Ortega and Gage broke down Mr. Esquibel's door.

18. Sergeants Ortega and Gage caused extensive damage to Mr. Esquibel's property to gain entry.

19. Sergeant Ortega threw flash grenades into Mr. Esquibel's home.

20. Officers Rael, Barela and Marquez found Mr. Esquibel in his bedroom.

21. Officers Rael, Barela and Marquez threw Mr. Esquibel down face first and handcuffed him.

22. The raid caused three of Mr. Esquibel's cats to run away from the house.

23. None of the Officers involved would provide any sort of explanation to Mr. Esquibel of the purpose for the raid.

24. When asked, the Officers simply stated that they were just checking on Mr. Esquibel for his own safety.

25. Officers took Mr. Esquibel in handcuffs to the Alta Vista Regional Hospital for a medical evaluation.

26. At Alta Vista Regional Hospital, Mr. Esquibel did not express any suicidal ideation and the emergency room doctor made no opinion that Mr. Esquibel was a danger to himself and made no recommendation for a mental health evaluation.

27. Officer Lozano took Mr. Esquibel in his patrol unit to the San Miguel County Detention Center.

28. At the detention center, Sergeant Torres, without cause, authorized a strip search of Mr. Esquibel.

29. San Miguel County placed Mr. Esquibel in a holding cell for 24 hours.

30. San Miguel County provided Mr. Esquibel with a single tray of food and no water.

31. No charges were ever filed against Mr. Esquibel.

32. As a result of the raid, Mr. Esquibel sustained injuries to his head, neck and shoulder.

33. Mr. Esquibel had pre-existing Post-Traumatic Stress Disorder ("PTSD"). The raid and his jailing caused additional harm to Mr. Esquibel.

34. The events of the raid have exacerbated Mr. Esquibel's PTSD.

## COUNT I: DEPRIVATION OF RIGHT TO BE FREE FROM UNREASONABLE SEIZURES, FALSE IMPRISONMENT AND TRESPASSING (LACK OF PROBABLE CAUSE AND EXIGENCY)

35. Plaintiff incorporates the preceding paragraphs by reference herein.

36. Pursuant to NMSA 1978, Section 41-4-12, New Mexico has waived sovereign immunity for tortious acts of law enforcement officers, including violations of state constitutional rights, false imprisonment and violations of property rights.

37. Article II, Section 10 of the New Mexico Constitution prohibits the law enforcement

officers from unreasonably searching property of persons; and from unreasonable seizures of persons.

38. Defendant City of Las Vegas conducted an unlawful seizure and false imprisonment when they seized Mr. Esquibel without cause, transported him to a hospital and jailed him without lawful process or cause.

39. Defendant San Miguel County conducted an unlawful seizure and false imprisonment of Plaintiff when they housed Mr. Esquibel for no lawful cause.

40. San Miguel County had no basis to believe that Mr. Esquibel needed or would receive a mental health evaluation when it accepted Mr. Esquibel for housing.

41. The City of Las Vegas and San Miguel County had no intention of obtaining a mental health evaluation of Mr. Esquibel when they placed him in the jail.

42. Defendant San Miguel County conducted an unlawful strip search of Mr. Esquibel.

43. Defendants did not seize Plaintiff pursuant to a warrant, probable cause, or any exigency.

44. Defendants violated state constitutional law and the common law.

## COUNT II: DEPRIVATION OF RIGHT TO BE FREE FROM UNREASONABLE SEIZURES, FALSE IMPRISONMENT AND TRESPASSING (WARRANT)

1. Plaintiff incorporates the preceding paragraphs by reference herein.

2. Pursuant to Section 41-4-12, New Mexico has waived sovereign immunity for tortious acts of law enforcement officers, including violations of state constitutional rights, false imprisonment and violations of property rights.

3. Article II, Section 10 of the New Mexico Constitution prohibits the law enforcement officers from unreasonably searching property of persons; and from unreasonable seizures of persons.

4. The City of Las Vegas failed to secure a search warrant or a warrant authorizing the

seizure and detention of Plaintiff despite having sufficient time to prepare a warrant.

5. Thus, even if probable cause existed for the seizure of Mr. Esquibel, Defendant City of Las Vegas conducted an unlawful seizure and false imprisonment when they seized Mr. Esquibel without a judicial warrant and, transported him to a hospital and jailed him without a court order.

6. The City of Las Vegas violated state constitutional law and the common law.

## COUNT III: DEPRIVATION OF RIGHT TO BE FREE FROM UNREASONABLE SEIZURES, FALSE IMPRISONMENT AND TRESPASSING (MANNER OF SEIZURE)

7. Plaintiff incorporates the preceding paragraphs by reference herein.

8. Pursuant to Section 41-4-12, New Mexico has waived sovereign immunity for tortious acts of law enforcement officers, including violations of state constitutional rights, false imprisonment and violations of property rights.

9. Article II, Section 10 of the New Mexico Constitution prohibits the law enforcement officers from using unreasonable force and conducting unauthorized nighttime raids of persons.

10. Our common law and constitutional law strictly restrict early hour morning raids.

11. Police raids of citizens homes at 4:00 a.m. are an earmark of a totalitarian society.

12. The use of a forceful entry and flashbang grenades are designed to create fear, anxiety and extreme disorientation.

13. The manner of entry and the use of police at 4:00 a.m. was unreasonable as a matter of law.

14. The City of Las Vegas provided no meaningful mental health care for Mr. Esquibel and had no intention of providing meaningful mental health care to Mr. Esquibel.

## COUNT IV: BATTERY

15. Plaintiff incorporates the preceding paragraphs by reference herein.

16. The entry into Plaintiff's home without warrant, probable cause or exigency had no legal justification.

17. Defendants battered Plaintiff when they threw him down face-first to handcuff him, as it constituted a non-consensual touching with no legal justification.

18. Plaintiff suffered physical injury to the head, neck and shoulder as a result of his arrest.

19. Plaintiff also suffered an exacerbation of his PTSD as a result of his arrest.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

I. Actual and compensatory damages sufficient to make Plaintiff whole against Defendants;

II. Damages for Plaintiff's pain and suffering and loss of enjoyment of life;

III. Litigation expenses, costs, pre- and post-judgment interest as provided by law; and

IV. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KENNEDY KENNEDY & IVES**

*/s/ Joseph P. Kennedy*
Joseph P. Kennedy
Adam C. Flores
1000 2nd Street NW
Albuquerque, New Mexico 87102
(505) 244-1400 / Fax (505) 244-1406
jpk@civilrightslaw.com
acf@civilrightslaw.com

*Attorneys for Plaintiff*

RECEIVED MAR 26, 2019 By: _____ City Clerks
fwd: - Executive
- City Attorney
- H.R. - Risk Mgt.

STATE OF NEW MEXICO
COUNTY OF SAN MIGUEL
FOURTH JUDICIAL DISTRICT COURT

MARK ESQUIBEL,

        Plaintiff,

vs.                                        No. D-412-CV-2019-00093

CITY OF LAS VEGAS, and
SAN MIGUEL COUNTY,

        Defendants.

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY OF LAS VEGAS

TO:    CITY OF LAS VEGAS
         c/o City Clerk
         1700 N. Grand Ave.
         Las Vegas, NM 87701

COMES NOW Plaintiff, Mark Esquibel, by and through his attorneys of record, Joseph P. Kennedy and Adam C. Flores (Kennedy Kennedy & Ives), and pursuant to the New Mexico Rules of Civil Procedure 1-026 and 1-034, and requests Defendant City of Las Vegas, to answer fully in writing and under oath, each and every one of the following Requests for Production within forty-five (45) days after service hereof.

### I. GENERAL INSTRUCTIONS

1.    The answers to these requests for production must include all information known to the Defendant, its agents and employees, including attorney(s), and all persons acting on their behalf or under their control.

2.    If Defendant and its agents or employees do not possess information to answer any request for production, they are under a duty to make a reasonable effort to obtain such information.

3. If the answer to any request for production, or any subsection of any request for production, if unknown, so state and include the name and the address of any person, office, organization or agency that has or might have such information.

4. If any of these request for production cannot be answered in full, answer to the extent possible, specifying the reasons for defendant's inability to answer the remainder, and stating what information, knowledge or belief defendants have concerning the unanswered portion.

5. These requests for production are continuing in nature; if, after answering the requests, defendants obtain or become aware of any further information responsive to these requests, a supplementary request for production is required.

6. These discovery requests are not intended to be duplicative. All requests should be responded to fully and to the extent not covered by other requests. If there are materials that are responsive to more than one request, please note and produce each such documents first in response to the request that is more specifically directed to the subject matter of the particular document.

## II. DEFINITIONS

For the purpose of these request for production of documents, the following definitions apply:

1. DOCUMENT refers to, and includes, but is not limited to, the original, regardless of origin or location, of any handwritten, typewritten, printed, recorded or graphic matter, however produced or reproduced, including, but not limited to, correspondence, notes, memoranda, diaries, calendars, memoranda of telephone conversation, memo books, drawings, graphs, photographs, phonograph records, tape recordings, and every other data compilation, including all forms of computer storage and retrieval (translated, if necessary,

2

by defendant into usable form), or any other physical evidence in the possession, custody or control of the defendant of their attorneys. Provide the source, author, custodian and the location of each document. Set forth a precise description of the contents of each document.

2. <u>FILE</u> refers to any collection of any number of documents.

3. <u>EMPLOYEE</u> refers to all employees, of the defendants, including officials, officers, managers, supervisors, foreman, professions, office and clerical employees, maintenance personnel, trainees and any other person carried on the payroll of the defendants or as consultants.

4. <u>THE TERMS [AND] AND [OR]</u> shall be constructed disjunctively or conjunctively, as necessary to make the request inclusive rather than exclusive.

5. <u>INFORMATION</u> as herein used includes statements formal and informal, notes, letters, telephone conversations, memorandum or other forms of documentation.

6. <u>RELATE</u> means to refer to or in any manner be connected with the matter discussed.

### III. REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any and all written memoranda, use of force reports, reports, correspondence, documents, emails, text messages, photographs, video or audio tapes, witness statements, or other writings or recordings relating in any way to all incidents described in Plaintiff's Complaint and the investigation into the subject incident. This request includes all belt tape recordings, lapel camera recordings, booking video, any video of Plaintiff while in jail, and any video of Plaintiff in his cell or in the common areas of the jail.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any and all general investigative reports, including internal investigations of any and all complaints arising out of this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Please produce every City of Las Vegas rule and regulation in effect during the subject incident regarding police interactions with the mentally ill, and the duty of an officer to render or attain medical aid for a civilian.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Please produce the entire employment application and pre-hire files of Commander Eric Padilla, Sergeant Jason Gabe, and Sergeant Michael Ortega created prior to their hire and while they were a candidate or cadet at any Department Academy including their training records and pre-employment background selection report, psychological screening testing and interview questions and answers, and polygraph(s).

**RESPONSE:**

Dated: March 12, 2019

Respectfully submitted,

**KENNEDY KENNEDY & IVES**

*/s/ Joseph P. Kennedy*
Joseph P. Kennedy
Adam C. Flores
1000 2nd Street NW
Albuquerque, New Mexico 87102
(505) 244-1400 / Fax (505) 244-1406
jpk@civilrightslaw.com
acf@civilrightslaw.com

*Attorney for Plaintiff*